UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ADRIAN GRACE,<br>Plaintiff,<br>v.<br>ANYTIME LABOR, L.L.C.; MODPACK SYSTEM LLC; TESLA, INC.<br>Defendants. | Case No. 3:26-cv-00145-ART-CSD<br><br>**ORDER ON MOTION TO DISMISS** |

Before the Court is Defendant Anytime Labor, L.L.C.'s ("Anytime Labor") motion to dismiss Plaintiff Adrian Grace's claim for "Tortious Discharge for Reporting Unlawful Activity." (ECF No. 36). For the following reasons, the motion to dismiss is denied.

## I. FACTS AND PROCEDURAL HISTORY

Mr. Grace began working as a rigger at a Tesla facility in Sparks, Nevada in March 2025. (ECF No. 1 at 2-3). He was employed by the three defendants ("Defendants") in this action: Anytime Labor, Modpack System LLC, and Tesla, Inc. *Id.* Mr. Grace claims that he was sexually harassed and assaulted by his supervisor multiple times beginning in April 2025. *Id.* at 3. He alleges that his supervisor made "derogatory comments about his sex and national origin" and had touched him without consent, including by "grabbing his buttocks and genitals." *Id.* Mr. Grace reported this conduct to the Human Resources department on May 1, 2025, but the department dismissed this complaint. *Id.* The following day, Mr. Grace filed a police report with the Sherriff's Office about the sexual assault. *Id.* Defendants terminated Mr. Grace's employment on May 2, 2025.

Mr. Grace brings forth 11 claims against Defendants under Nevada tort law, Nevada's statute governing employment practices (NRS Ch. 613), and Title

VII (42 U.S.C. §2000e *et seq.*). These claims relate to sexual harassment, assault and battery, workplace discrimination, and unlawful retaliation stemming from his reports to Human Resources and law enforcement. Anytime Labor filed a motion to dismiss Mr. Grace's claim for tortious discharge for reporting unlawful activity to law enforcement ("Count I") for failure to state a claim upon which relief can be granted. (ECF No. 36). Mr. Grace opposed this motion (ECF No. 39) and Anytime Labor replied in support (ECF No. 42)[1].

## II. LEGAL STANDARD

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A properly pleaded complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require "detailed factual allegations," it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

To sufficiently allege a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). In reviewing a motion to dismiss, the court accepts the factual allegations in the complaint as true. *Id.* However, "bare assertions" in a complaint amounting "to nothing more than a 'formulaic recitation of the elements'" of a claim are not entitled to an assumption of truth. *Id.* at 680–81 (quoting *Twombly*, 550 U.S. at 555). The court discounts these allegations because "they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Moss v. U.S. Secret*

[1] The Court notes that Anytime Labor's reply characterizes their motion, for the first time, as a motion for partial summary judgment. (ECF No. 42 at 2). Given that Anytime Labor initially filed a motion to dismiss under Rule 12(b)(6) (*see* ECF No. 36), the Court will proceed in only addressing the motion to dismiss.

*Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

**III. DISCUSSION**

Anytime Labor argues that Count I should be dismissed, because Nevada only recognizes the tort of tortious discharge in "rare and exceptional circumstances," which Mr. Grace's claim does not meet. (*See* ECF No. 36) (citing *Sands Regent v. Valgardson*, 105 Nev. 436, 440, 777 P.2d 898, 900 (Nev. 1989)). In response, Mr. Grace contends that Count I states a claim upon which relief can be granted, because it meets the two-part test for recognizing a tortious discharge claim outlined in *Ozawa v. Vision Airlines, Inc.*, 125 Nev. 556, 560, 216 P.3d 788, 791 (Nev. 2009). (*See* ECF No. 38). For the following reasons, the Court finds that Count I survives Anytime Labor's motion to dismiss.

While the Nevada Supreme Court has explained that the state's at-will employment doctrine will typically bar tortious discharge claims, the court has recognized a carve-out "public policy exception." *See Sands Regent*, 105 Nev. at 439. "The essence of a tortious discharge is the wrongful, usually retaliatory, interruption of employment by means which are deemed to be contrary to the public policy of this state." *D'Angelo v. Gardner*, 107 Nev. 704, 718, 819 P.2d 206, 215-16 (Nev. 1991). For a tortious discharge claim to proceed, a terminated employee must therefore demonstrate that she was "(1) was terminated by her employer for reasons that 'violate[ ] strong and compelling public policy'; and (2) is without 'an adequate, comprehensive, statutory remedy.'" *King v. Amazon Servs. LLC*, 2025 WL 947670 at *2 (D. Nev. Mar. 30, 2025) (citing *Ozawa v. Vision Airlines, Inc.*, 125 Nev. 556, 560, 216 P.3d 788, 791 (Nev. 2009)).

**a. Termination Violates Public Policy**

The Nevada Supreme Court has recognized tortious discharge claims only in limited circumstances. The following instances of employee termination satisfy the first step of the tortious discharge inquiry, in which a "strong and compelling" public policy violation occurs: 1) "for refusing to work under conditions

unreasonably dangerous to the employee," 2) "for refusing to engage in illegal conduct," 3) "for filing a workers' compensation claim," 4) "for reporting the employer's illegal activities to outside authorities," and 5) "for performing jury duty." *Ceballos v. NP Palace LLC*, 138 Nev. 625, 629-30, 514 P.3d 1074, 1078 (Nev. 2022) (internal citations omitted).

The Court construes Count I as a whistleblower claim, which is a recognized violation of public policy under the tortious discharge analysis. Such a claim arises when an employee is terminated for "reporting an employer's alleged illegal activities to the appropriate governmental authorities." *Abbas v. Lucky Cab Co.*, 2009 WL 3191531 at *1 (Nev. 2009) (citing *Allum v. Valley Bank of Nevada*, 114 Nev. 1313, 970 P.2d 1062 (Nev. 1998); *Wiltsie v. Baby Grand Corp.*, 105 Nev. 291, 774 P.2d 432 (Nev. 1989)). A whistleblower claim meets the first part of the two-step test for a tortious discharge claim, because "the public policy advanced in the whistleblowing context is the enforcement of the state's laws" by making a report of the illegal action "to the relevant authority outside the company." *Bielser v. Prof. Systems Corp.*, 321 F.Supp.2d 1165, 1171-72 (D. Nev. 2004).

Count I meets the requirements for a whistleblower claim for tortious discharge, because Mr. Grace filed a police report with the Sherriff's Office about the sexual assault and law enforcement is an appropriate authority to report this crime to. Without reaching the merits of the claim, the Court agrees with Mr. Grace's argument that a sexual assault could meet the standards for criminal misdemeanor battery under NRS § 200.481(2)(a). (*See* ECF No. 39 at 3–4). The complaint alleges sufficient facts to support this finding. Mr. Grace argues under Count I that he was fired because he had "reported to an outside governmental agency unlawful conduct." (ECF No. 1 at 5). He also pleads non-consensual touching of his "buttocks and genitals" by his supervisor. *Id.* at 3.

Anytime Labor contends that permitting Count I to proceed would in effect

impermissibly expand the scope of the limited tortious discharge tort to "any unwelcome touching of a sexual nature — buttocks, groin, breasts, kissing, etc. — all batteries." (ECF No. 42 at 4). This argument not only concedes the point that the underlying facts of Count I would constitute battery, but also exaggerates the scope of this Court's decision. This Court is not recognizing a new type of tortious discharge claim. Instead, the Court merely finds that Count I falls within the whistleblower category of recognized tortious discharge claims. Anytime Labor argues that law enforcement is not the "appropriate" authority required under precedent, because the underlying claim is for "workplace harassment" which belongs before the Equal Employment Opportunity Commission or the Nevada Equal Rights Commission. (ECF No. 36 at 3–4). This argument is misplaced. While Mr. Grace could have, and did, file a complaint with these authorities (*see* ECF No. 1 at 3), the specific complaint to law enforcement under Count I was for sexual assault. Because law enforcement is an appropriate authority to report criminal acts to, Count I falls squarely within the recognized whistleblower category for a tortious discharge claim.

**b. No Adequate, Comprehensive Statutory Remedy Exists**

Count I satisfies the second step of the tortious discharge inquiry, because the claim is "without 'an adequate, comprehensive, statutory remedy.'" *King*, 2025 WL 947670 at *2. Neither state nor federal law provides an adequate remedy for Mr. Grace's claim that he was terminated because of his report to law enforcement.

Under NRS Ch. 613, there are statutory remedies for when an employee is fired in retaliation for their opposition to an "unlawful employment practice" under the statute or because they have "made a charge, testified, assisted or participated in any manner in an investigation, proceeding or hearing" under the statute. NRS § 613.340(1). However, NRS Ch. 613 does not appear to cover an employee's reports to law enforcement, so Mr. Grace would have no remedy under

this state law for his specific claim of termination based on his report to law enforcement. Likewise, Mr. Grace would have no relief for his Count I claim under Title VII, which does not cover external reports to law enforcement. Rather, Title VII only provides for remedies when an employee has been discriminated against for their opposition to “any act or practice made unlawful by this chapter” or because the employee was involved “in any manner in an investigation, proceeding, or hearing under this chapter.” 42 U.S.C. § 12203(a). Because Mr. Grace would have inadequate statutory relief under state and federal law for his claim that he was fired because of his report to law enforcement, he meets the second part of the test for recognizing a tortious discharge claim.

Although Anytime Labor contends that both NRS Ch. 613 and Title VII provide remedies for retaliation, this argument obfuscates the distinction between Mr. Grace’s claim for retaliation in response to his report to law enforcement under Count I and Mr. Grace’s subsequent claims for retaliation in response to his report to Human Resources (*see* ECF No. 1 Counts VII and VIII). As explained above, Mr. Grace would have inadequate statutory relief for his claim of unlawful discharge because of his report to law enforcement. Furthermore, the Court rejects Anytime Labor’s argument that Mr. Grace has adequate statutory relief, because he pleads ten other claims based on the same fact pattern in his complaint. (*See* ECF No. 42 at 2–3). Anytime Labor has not provided any authority, nor has the Court found any, that suggests that a litigant’s other claims would bear weight on whether the specific claim at issue has adequate and comprehensive statutory relief.

## IV. CONCLUSION

It is therefore ordered that Anytime Labor’s motion to dismiss (ECF No. 36) is DENIED.

//

//

DATED THIS 10th day of November 2026.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE